**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303/Facsimile: (760) 929-9260

Attorneys for Plaintiff JANE DOE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCER ADVISORS INC.,<br><br>Defendant. | Case No.   **'26 CV 2414 LL   MMP**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**(1) BREACH OF CALIFORNIA CONSUMER PRIVACY ACT, CAL. CIVIL CODE § 1798.150;**<br><br>**(2) BREACH OF CALIFORNIA SECURITY NOTIFICATION LAW, CAL. CIVIL CODE § 1798.82;**<br><br>**(3) INVASION OF PRIVACY;**<br><br>**(4) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; and**<br><br>**(5) NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Class Action Complaint

Plaintiff JANE DOE[1] (or "Plaintiff"), by and through her attorneys, brings this class action on behalf of herself individually and all others similarly situated, against Defendant MERCER ADVISORS INC. ("MERCER ADVISORS" or "Defendant"), and alleges upon information and belief as follows:

**INTRODUCTION**

1.    This class action arises from the negligent failure of MERCER ADVISORS to properly create, maintain, preserve, and/or store confidential, personal information of Plaintiff and all other persons similarly situated which allowed such unencrypted personal information on MERCER ADVISORS' computer "systems used to store client data" to be "access[ed]" and "obtained" by "an unauthorized third party," resulting in violations of the California Consumer Privacy Act of 2018, as amended by the California Privacy Rights Act, California Civil Code §§ 1798.100 *et seq*. (the "CCPA"), and the Cal. Business and Professions Code sections 17200, *et seq*. Under the CCPA, Plaintiff, and all other persons similarly situated, have the right to expect that the confidentiality of their personal information in possession of MERCER ADVISORS to be reasonably preserved and protected from unauthorized access and exfiltration, theft, or disclosure. In fact, subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of

[1] The Ninth Circuit permits the use of pseudonyms in cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1086 (9th Cir. 2000). Here, a pseudonym has been used in place of the real name of Plaintiff because at all times relevant to this action, Plaintiff's personal information was subject to unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's statutory violations and Plaintiff has individual privacy concerns and a reasonable fear of harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case. Additionally, the real name of Plaintiff is not unknown to Defendant because prior to the filing of this complaint, Plaintiff's counsel sent a pre-filing notice letter to Defendant's registered service agent on April 14, 2026, which discloses the real name of Plaintiff.

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

this section is to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information." Additionally, paragraph (1) of subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, [] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action …."

2.    As alleged more fully below, MERCER ADVISORS negligently created, maintained, preserved, and stored Plaintiff's and the Class' (defined *infra*) personal information, in MERCER ADVISORS' possession, in a nonencrypted and a nonredacted manner prior to and "on or around January 22, 2026," allowing such nonencrypted and nonredacted personal information to be "access[ed]" and "obtained," stolen or disclosed, by at least one "unauthorized third party," without Plaintiff's and the Class' prior consent, due to MERCER ADVISORS' failure to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, theft or disclosure and ensure the confidentiality of the personal information in its possession, including failing to implement adequate and reasonable security controls and user authorization and authentication processes, failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5 of the Cal. Civil Code,[2] and failing to properly and

---

[2] "Personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code means either of the

- 2 -

Class Action Complaint

adequately educate and train its employees. In fact, MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," sent to Plaintiff and other persons similarly situated, stated in part, "We are writing to provide information about a cybersecurity incident at Mercer Advisors Inc. ('Mercer Advisors') that involved certain of your personal information," and informing her, in part, of "**What Happened?** Mercer Advisors experienced a cybersecurity incident on or around January 22, 2026, involving unauthorized access to certain systems used to store client data. Upon discovery, we immediately began working with leading external cybersecurity experts, and the incident has been contained. Based on our investigation, we determined on March 25, 2026, that an unauthorized third party obtained certain of your personal information."[3] MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," sent to Plaintiff and other persons

following: "An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted:

(i) Social security number.

(ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.

(iii) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Medical information.

(v) Health insurance information.

(vi) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(vii) Genetic data."

[3] Hereinafter referred to as the "Data Breach."

- 3 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

similarly situated, further stated in part, "**What Information Was Involved?** The affected information varied by impacted individual and included name, contact information (such as postal and email address and telephone number), Social Security number, driver's license and other government-issued ID number (such as passport number), date of birth, and account number. Importantly, not all of this information was affected for every impacted individual. [¶] **What We Are Doing**[.] After becoming aware of the issue, we promptly launched an investigation with the assistance of leading external cybersecurity experts to understand its nature and scope. We blocked the unauthorized party's access to our systems and took additional steps to enhance our safeguards. We also reported the issue to law enforcement authorities. [¶] We are offering a two-year ldentityWorks Credit Plus membership from Experian, a credit monitoring, dark web monitoring, and identity protection service, at no cost to you. It also provides you with up to $1M in identity theft insurance and full-service identity restoration assistance." An exemplar of MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**.

3.      Additionally, on February 23, 2026, Cybernews published an article entitled *ShinyHunters reveals +5M records after Wall Streetignores "final warning"*,[4] reporting that, after giving a 48-hour ultimatum, ShinyHunters, an infamous extortion gang, dumped millions of records tied to MERCER ADVISORS onto the dark web. In the article, Cybernews reported that "last week," MERCER ADVISORS received warnings that attackers had gained access to millions of records of their internal data. The attackers claimed they would expose the data if their demands were not met. As in most extortion cases, threats to release data are part of pressure tactics designed to force negotiations

---

[4] https://cybernews.com/security/shinyhunters-mercer-beacon-data-breach/ (last visited on April 13, 2026).

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

and muscle organizations into paying ransom. And also to get revenge on the company's reputation by releasing the data publicly if the demands are not met. In the article, Cybernews posted screenshots of the MERCER ADVISORS' data leaked on the dark web and reported that the Cybernews research team had investigated the leaked MERCER ADVISORS' dataset, and discovered that it consists of MERCER ADVISORS' clients' data, including, but not limited to full names, contact information, and Social Security numbers, and that in total, the MERCER ADVISORS' data leaked on the dark web is 5GB in size.

4.    Based on the foregoing information, Plaintiff reasonably fears, believes and alleges that her name in combination with Social Security number was subject to an unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of MERCER ADVISORS' violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information.

5.    Because Plaintiff alleges that MERCER ADVISORS breached its duty to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the confidentiality of the personal information in its possession, Plaintiff, individually and on behalf of all others similarly situated, seeks damages from Defendant for an invasion of privacy and negligence. Because Plaintiff also alleges that the nonencrypted and nonredacted personal information of Plaintiff and the Class was subject to unauthorized "access" and was "obtained" or stolen by at least one "unauthorized third party," in violation of Cal. Civil Code section 1798.150(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant injunctive relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Civil Code section 1798.82(a), Plaintiff, individually and on behalf of all others

- 5 -

Class Action Complaint

similarly situated, seeks damages and injunctive relief from Defendant pursuant to Cal. Civil Code section 1798.84(e). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Business & Professions Code sections 17200, *et seq.*, Plaintiff, individually and on behalf of others similarly situated, seeks injunctive relief from Defendant under Cal. Business and Professions Code section 17203.

6.  This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

## JURISDICTION AND VENUE

7.  Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class and at least one other Class Member is a citizen of a state different from Defendant.

8.  Defendant routinely conducts business in the State of California where this Judicial District is located, has sufficient minimum contacts in this State and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

9.  Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this Judicial District, and Defendant does business in this Judicial District.

/ / /

/ / /

- 6 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

**PARTIES**

**A.    PLAINTIFF**

10.    Plaintiff JANE DOE is and was at all times relevant to this action a resident of the State of California and this judicial district, and citizen of the State of California. Plaintiff received a letter, addressed in her full name and her residential address, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," which stated, in part, "We are writing to provide information about a cybersecurity incident at Mercer Advisors Inc. ('Mercer Advisors') that involved certain of your personal information," and informing her, in part, of "**What Happened?** Mercer Advisors experienced a cybersecurity incident on or around January 22, 2026, involving unauthorized access to certain systems used to store client data. Upon discovery, we immediately began working with leading external cybersecurity experts, and the incident has been contained. Based on our investigation, we determined on March 25, 2026, that an unauthorized third party obtained certain of your personal information." MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," sent to Plaintiff and other persons similarly situated, further stated in part, "**What Information Was Involved?** The affected information varied by impacted individual and included name, contact information (such as postal and email address and telephone number), Social Security number, driver's license and other government-issued ID number (such as passport number), date of birth, and account number. Importantly, not all of this information was affected for every impacted individual. [¶] **What We Are Doing**[.] After becoming aware of the issue, we promptly launched an investigation with the assistance of leading external cybersecurity experts to understand its nature and scope. We blocked the unauthorized party's access to our systems and took additional steps to enhance our safeguards. We also reported the issue to law enforcement authorities. [¶] We are offering a two-year ldentityWorks Credit Plus membership from Experian, a

- 7 -

Class Action Complaint

credit monitoring, dark web monitoring, and identity protection service, at no cost to you. It also provides you with up to $1M in identity theft insurance and full-service identity restoration assistance." An exemplar of MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," dated March 31, 2025, signed by "Mercer Advisors," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. Based on the foregoing information, Plaintiff reasonably fears, believes and alleges that her unencrypted personal information, including her first name or first initial and last name in combination with her address and Social Security number, was subject to unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of MERCER ADVISORS' violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information. Additionally, as a result of the foregoing, Plaintiff reasonably fears, believes and alleges that that an unauthorized third party had access to MERCER ADVISORS' systems used to store client data on or around January 22, 2026, and "an unauthorized third party obtained certain of your personal information" that was unencrypted, including her first and last name, contact information (such as postal and email addresses and telephone numbers), and Social Security number, subjecting her to injury and/or actual damage.

**B.    DEFENDANT**

11.    Defendant MERCER ADVISORS INC. ("MERCER ADVISORS" or "Defendant") is a Delaware corporation with a principal address located at 1200 17th Street, Suite 2000, Denver, CO 80202, that is registered to do business (CA Reg. No. 3102857) and does business in the State of California and in this Judicial District. In its Form SDV Part 2A, Mercer Global Advisors Inc. ("MERCER GLOBAL") represents that it "is registered with the SEC and delivers all investment-related services. Mercer Advisors Inc. is the parent

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

company of Mercer Global Advisors Inc. and is not involved with investment services." MERCER GLOBAL also represents that "As of December 31, 2025, the firm provided discretionary investment management services on assets of $82.9 billion and non-discretionary advisory services on assets of $1.4 billion." Additionally, MERCER GLOBAL represents that "Mercer Advisors" is a brand name used by several affiliated legal entities owned by MERCER ADVISORS, including MERCER GLOBAL, an SEC registered investment adviser providing investment advisory and family office services; Mercer Advisors Private Asset Management, Inc., an SEC registered investment adviser providing discretionary investment management services to affiliated private funds; Mercer Advisors Tax Services, LLC, a tax services and accounting firm; Heim, Young and Associates, Inc., a broker-dealer, member FINRA/SIPC; and Mercer Advisors Insurance Services, LLC, an insurance agency.

12.    MERCER ADVISORS caused notice letters, entitled "Notice of Data Breach," signed by "Mercer Advisors," to be submitted to the Attorney General of the State of California on March 31, 2026, and thereafter to be mailed to Plaintiff and the Class, an exemplar of which is attached hereto as **Exhibit A**. Specifically, Plaintiff received a notice letter, addressed to Plaintiff's first and last name and her residential address, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," by USPS *after* March 31, 2026.

## FACTUAL ALLEGATIONS

13.    At all times relevant to this action, including the period prior to and "on or around January 22, 2026," MERCER ADVISORS created, maintained, preserved, and stored records of Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their names, contact information (such as postal and email addresses and telephone numbers), Social Security numbers, driver's licenses and other government-issued ID numbers (such as

- 9 -

Class Action Complaint

passport number), dates of birth, and account numbers, that MERCER ADVISORS received from their affiliated legal entities owned by MERCER ADVISORS.

14. Notwithstanding its duties under the CCPA, MERCER ADVISORS caused notice letter, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. In such notice letter MERCER ADVISORS submitted to the Attorney General of the State of California, MERCER ADVISORS stated, in part, that "We are writing to provide information about a cybersecurity incident at Mercer Advisors Inc. ('Mercer Advisors') that involved certain of your personal information," and informing her, in part, of "**What Happened?** Mercer Advisors experienced a cybersecurity incident on or around January 22, 2026, involving unauthorized access to certain systems used to store client data. Upon discovery, we immediately began working with leading external cybersecurity experts, and the incident has been contained. Based on our investigation, we determined on March 25, 2026, that an unauthorized third party obtained certain of your personal information. [¶] **What Information Was Involved?** The affected information varied by impacted individual and included name, contact information (such as postal and email address and telephone number), Social Security number, driver's license and other government-issued ID number (such as passport number), date of birth, and account number. Importantly, not all of this information was affected for every impacted individual. [¶] **What We Are Doing**[.] After becoming aware of the issue, we promptly launched an investigation with the assistance of leading external cybersecurity experts to understand its nature and scope. We blocked the unauthorized party's access to our systems and took additional steps to enhance our safeguards. We also reported the issue to law enforcement authorities. [¶] We are offering a two-year IdentityWorks Credit Plus membership from Experian, a

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 10 -

Class Action Complaint

credit monitoring, dark web monitoring, and identity protection service, at no cost to you. It also provides you with up to $1M in identity theft insurance and full-service identity restoration assistance." An exemplar of MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**.

15.    Prior to the submission of MERCER ADVISORS' notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," to the Attorney General of the State of California, on February 23, 2026, Cybernews published an article entitled *ShinyHunters reveals +5M records after Wall Streetignores "final warning"*,[5] reporting that, after giving a 48-hour ultimatum, ShinyHunters, an infamous extortion gang, dumped millions of records tied to MERCER ADVISORS onto the dark web. In the article, Cybernews reported that "last week," MERCER ADVISORS received warnings that attackers had gained access to millions of records of their internal data. The attackers claimed they would expose the data if their demands were not met. As in most extortion cases, threats to release data are part of pressure tactics designed to force negotiations and muscle organizations into paying ransom. And also to get revenge on the company's reputation by releasing the data publicly if the demands are not met. In the article, Cybernews posted screenshots of the MERCER ADVISORS' data leaked on the dark web and reported that the Cybernews research team had investigated the leaked MERCER ADVISORS' dataset, and discovered that it consists of MERCER ADVISORS' clients' data, including, but not limited to full names, contact information, and Social Security numbers, and that in total, the MERCER ADVISORS' data leaked on the dark web is 5GB in size.

/ / /

---

[5] https://cybernews.com/security/shinyhunters-mercer-beacon-data-breach/ (last visited on April 13, 2026).

- 11 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

16. Based on the foregoing reporting of the Data Breach and MERCER ADVISORS' notice letter she received, Plaintiff alleges on information and belief that at all times relevant to this action, including the period prior to and on or around January 22, 2026, MERCER ADVISORS created, maintained, preserved, and stored Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and the last names, and government ID numbers (including Social Security numbers), on its computer systems used to store client data.

17. Based on the foregoing unauthorized events and MERCER ADVISORS' notice letter she received, Plaintiff alleges on information and belief that at all times relevant to this action, "an unauthorized third party" "access[ed] and "obtained" her "personal information" on the MERCER ADVISORS' computer "network" containing Plaintiff's and the Class' nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), as determined by MERCER ADVISORS' "investigation." Therefore, based on the foregoing unauthorized events and MERCER ADVISORS' notice letter she received, Plaintiff alleges on information and belief that at all times relevant to this action, Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer "systems used to store client data," as determined by MERCER ADVISORS' "investigation," in an nonencrypted and nonredacted format, was subject to an unauthorized "access" and acquisition or exfiltration, theft, or

- 12 -

disclosure in violation of Cal. Civil Code section 1798.150.

18. While MERCER ADVISORS had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer systems used to store client data, from unauthorized "access" and acquisition or exfiltration, theft, or disclosure, MERCER ADVISORS neglected to adequately implement data security measures as required by the CCPA, despite its obligation to do so.

19. Additionally, the risk of vulnerabilities in MERCER ADVISORS' computer and data servers of being exploited by an unauthorized third party trying to steal Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was foreseeable and/or known to MERCER ADVISORS or should have been known by MERCER ADVISORS. The California Data Breach Report 2012-2015, issued in February 2016 by Attorney General, Kamala D. Harris, reported, "Malware and hacking presents the greatest threat, both in the number of breaches and the number of records breached" and "Social Security numbers and medical information – was breached [more] than other data types." Moreover, as the Attorney General further reported, just because "[e]xternal adversaries cause most data breaches, [] this does not mean that organizations are solely victims; they are also stewards of the data they collect and maintain. People entrust businesses and other organizations with their data on the understanding that the organizations have a both an ethical and a legal obligation to protect it from unauthorized access. Neglecting to secure systems and data opens a gateway for attackers, who

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 13 -

Class Action Complaint

take advantage of uncontrolled vulnerabilities." Regarding encryption, the Attorney General instructed in California Data Breach Report 2012-2015, "As we have said in the past, breaches of this type are preventable. Affordable solutions are widely available: strong full-disk encryption on portable devices and desktop computers when not in use.[] Even small businesses that lack full time information security and IT staff can do this. They owe it to their patients, customers, and employees to do it now." Moreover, data breaches in the United States have increased from fewer than 1,300 annually as recently as 2019 and 2020 to more than 3,000 compromises in each of 2023 and 2024.[6] Likewise, the harms posed by compromised confidentiality are now at their historical apex: in the electronic age, it has never been more difficult to put an escaped digital genie back in the bottle. Because a Social Security number is a permanent and immutable identifier that cannot be changed and is uniquely susceptible to misuse for identity theft, tax fraud, and financial account fraud, Plaintiff and the Class face ongoing and substantial risk as a direct result of MERCER ADVISORS' negligence.

20.    Further, it was also foreseeable and/or known to MERCER ADVISORS or should have been known by MERCER ADVISORS that negligently creating, maintaining, preserving, and/or storing Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer systems used to store client data, in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a

---

[6] Identity Theft Resource Center, 2024 Data Breach Report (Jan. 2025) page 9, at <tinyurl.com/2asucnp5> (as of July 9, 2025).

Class Action Complaint

data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research."

21. At all times relevant to this action, including the period prior to and "on or around January 22, 2026," MERCER ADVISORS negligently created, maintained, preserved, and/or stored Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer systems used to store client data, in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class' personal information in their possession against unauthorized access and acquisition or exfiltration, theft, or disclosure, including but not limited to, by failing to take adequate and reasonable measures to ensure MERCER ADVISORS' computer systems used to store client data were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by failing to properly and adequately educate and train its employees in regard to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to their written representations to Plaintiff and the Class.

/ / /

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 15 -

22. Additionally, pursuant to Cal. Civil Code section 1798.100(e), MERCER ADVISORS, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code. Based upon the foregoing, including MERCER ADVISORS' notice letter, attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that MERCER ADVISORS failed to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

23. Had Defendant and/or its employees (presently unknown to Plaintiff) taken the above described appropriate preventive actions, fixed the deficiencies in MERCER ADVISORS' computer network, encrypted Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer network, and adopted security measures as required by the CCPA prior to and "on or around January 22, 2026," MERCER ADVISORS could have prevented Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer network, from unauthorized access and acquisition or exfiltration, theft, or disclosure by at least one "unauthorized third party," "on or around January 22, 2026."

Class Action Complaint

24. California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, pursuant to Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General. MERCER ADVISORS caused notice letters, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," to be submitted to the Attorney General of the State of California on March 31, 2026, and thereafter to be mailed to Plaintiff and the Class, an exemplar of which is attached hereto as **Exhibit A**. Because MERCER ADVISORS caused a notice letter, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," to be submitted to the Attorney General of the State of California on March 31, 2026, an exemplar of which is attached hereto as **Exhibit A**, MERCER ADVISORS has determined and has conceded that Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers, on MERCER ADVISORS'

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 17 -

Class Action Complaint

computer "systems used to store client data," was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. Additionally, because MERCER ADVISORS caused notice letters, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," to be submitted to the Attorney General of the State of California on March 31, 2026 and mailed them to Plaintiff and other members of the Class, MERCER ADVISORS has conceded that Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers, on MERCER ADVISORS' computer "systems used to store client data" was unencrypted and thus, the "unauthorized third party" who "access[ed]" and "obtained" or exfiltrated or stole Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers, on MERCER ADVISORS' computer "systems used to store client data," was nonencrypted and nonredacted, allowing the "unauthorized third party" to actually view Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including names and Social Security numbers. As a result, MERCER ADVISORS was negligent for failing to encrypt or adequately encrypt Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer "systems used to store client data" "on or around January 22, 2026."

25.    To date, other than offering its "recommend[ation]" and "encourage[ment]" that Plaintiff and the Class "remain vigilant" against the

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Class Action Complaint

potential for identity theft and fraud and to monitor and notify their "relevant financial institution of any unauthorized transactions, unauthorized changes in contact information, or other suspicious activity" and " a two-year ldentityWorks Credit Plus membership from Experian, a credit monitoring, dark web monitoring, and identity protection service, at no cost to you," MERCER ADVISORS has not offered any monetary compensation for the unauthorized access and acquisition or exfiltration, theft or disclosure of Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer systems used to store client data. In effect, MERCER ADVISORS is shirking its responsibility for the harm MERCER ADVISORS has caused, while shifting the burdens and costs of its wrongful conduct onto Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on behalf of herself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> Class:  All persons residing in the United States of America to whom Mercer Advisors Inc. sent a notice letter informing them about a cybersecurity incident occurring on or around January 22, 2026.

> Sub-Class:  All persons residing in the state of California to whom Mercer Advisors Inc. sent notice letter, entitled "Notice of Data Breach," signed by "Mercer Advisors," informing them about a cybersecurity incident occurring on or around January 22, 2026, an exemplar of which is attached hereto as **Exhibit A**.

The officers and directors of MERCER ADVISORS are excluded from the

- 19 -

Class Action Complaint

Class. The officers and directors of any "affiliate," "principal" and "subsidiary" of MERCER ADVISORS, as defined in the Corporations Code sections 150, 175, and 189, respectively, are also excluded from the Class. The employees of MERCER ADVISORS who negligently created, maintained, preserved, and/or stored Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer network are also excluded from the Class. Plaintiff reserves the right to amend or modify the Class and Sub-Class definitions with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery by Plaintiff during her future investigations.

27.    This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the members of the Class is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of MERCER ADVISORS and its agents, and the Class is defined in objective terms that make the eventual identification of the members of the Class possible and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

28.    There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class members, are the following questions:

  a) Whether Defendant created, maintained, preserved and/or stored Plaintiff's and the Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including Social Security numbers, in a nonencrypted and nonredacted format on MERCER ADVISORS' computer systems used to store client data, prior to and on or around January 22, 2026;

  b) Whether Defendant implemented and maintained reasonable security procedures and practices to protect from access and exfiltration, and to ensure the confidentiality of Plaintiff's and the Class' personal information, in electronic form, within MERCER ADVISORS' computer systems used to store client data, prior to and on or around January 22, 2026;

  c) Whether Plaintiff's and the Class' personal information, in electronic form, within MERCER ADVISORS' computer systems used to store client data, prior to and on or around January 22, 2026, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party;

  d) Whether Defendant's notice that Plaintiff's and the Class' personal information within MERCER ADVISORS' computer systems used to store client data, prior to and  on or around January 22, 2026, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount

- 21 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

information required by statute;

e)  Whether the timing of Defendant's notice that Plaintiff's and the Class' personal information within MERCER ADVISORS' computer systems used to store client data, prior to and on or around January 22, 2026, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, was given in the most expedient time possible and without reasonable delay required by statute;

f)  Whether Defendant's conduct constituted unlawful, unfair or fraudulent practices in violation of Business and Professions Code sections 17200, *et seq*.; and

g)  Whether Plaintiff and the Class are entitled to actual damages, and/or statutory damages, and/or injunctive relief.

30.  Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and now suffers from the same violations of the law as other Class members.

31.  Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class she seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

32.  The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a)  If each member of the Class were required to file an individual

- 22 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

lawsuit, MERCER ADVISORS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

b)    The costs of individual suits could unreasonably consume the amounts that would be recovered;

c)    Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d)    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e)    MERCER ADVISORS has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f)    The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

33.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class

- 23 -

Class Action Complaint

action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.    Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendant and who have been given notice of the Data Breach.

35.    Plaintiff and the Class have suffered irreparable harm and damages because of Defendant's wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will continue to be damaged and to suffer by the unauthorized access, acquisition, exfiltration, theft and/or disclosure of their personal information, thereby allowing these violations of law to proceed without remedy.

36.    Moreover, Plaintiff's and the Class' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Breach of California Consumer Privacy Act**
**Cal. Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

37.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

38.    Pursuant to Cal. Civil Code section 1798.150(a)(1), "[a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, … is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business' violation of the duty to implement and maintain reasonable

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action ....”

39.    MERCER ADVISORS caused notice letters, entitled “Notice of Data Breach,” dated March 31, 2026, signed by “Mercer Advisors,” to be submitted to the Attorney General of the State of California on March 31, 2026, and mailed to Plaintiff and the Sub-Class, stating, in relevant part, that “We are writing to provide information about a cybersecurity incident at Mercer Advisors Inc. (‘Mercer Advisors’) that involved certain of your personal information…. Mercer Advisors experienced a cybersecurity incident on or around January 22, 2026, involving unauthorized access to certain systems used to store client data…. The affected information … included name, contact information (such as postal and email address and telephone number), Social Security number, driver’s license and other government-issued ID number (such as passport number), date of birth, and account number.”

40.    Defendant is organized for the profit or financial benefit of its owners and collects Plaintiff’s and the Sub-Class’ “personal information” as defined by Cal. Civil Code section 1798.81.5(d)(1)(a).

41.    Defendant violated paragraph (1) of subdivision (a) of section 1798.150 of the Cal. Civil Code of the California Consumer Privacy Act (“CCPA”) by allowing Plaintiff’s and the Sub-Class’ “personal information” as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on MERCER ADVISORS’ computer systems used to store client data, prior to and on or around January 22, 2026, to be subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendant’s violation of its duty to implement and maintain reasonable security procedures and practices appropriate to protect Plaintiff’s and the Sub-

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 25 -

Class Action Complaint

Class' personal information.

42.    Plaintiff's and the Sub-Class' nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and nonredacted format on MERCER ADVISORS' computer systems used to store client data, prior to and on or around January 22, 2026, was subjected to unauthorized access and acquisition or exfiltration, theft, or disclosure as a direct and proximate result of Defendant's violation of its duty under the CCPA.

43.    Defendant knew, or should have known, that its network computer systems used to store client data and data security practices were inadequate to safeguard "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), in a nonencrypted and a nonredacted format on MERCER ADVISORS' computer network, prior to and on or around January 22, 2026, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Sub-Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, Social Security numbers, driver's license numbers and other government-issued ID numbers (such as passport numbers), such as encrypting Plaintiff's and the Sub-Class' "personal information" as defined by Cal. Civil Code section 1798.81.5 so in the event of unauthorized access and acquisition or exfiltration of Plaintiff's and the Sub-Class' "personal

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Class Action Complaint

information" as defined by Cal. Civil Code section 1798.81.5 could not be read by an unauthorized third party. As a result of Defendant's failure to implement reasonable security procedures and practices, Plaintiff's and the Sub-Class' nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5 was subject to an unauthorized access and acquisition or exfiltration, theft, or disclosure.

44.    As a direct and proximate result of Defendant's violation of its duty under the CCPA, Plaintiff and the Sub-Class seek injunctive or declaratory relief from Defendant pursuant to Cal. Civil Code section 1798.150(a)(1)(B) to ensure that Defendant hereinafter adequately safeguards Plaintiff's and the Class' "personal information" as defined by Cal. Civil Code section 1798.81.5 by implementing reasonable security procedures and practices. This relief is important because Defendant still possesses Plaintiff's and the Sub-Class' nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5. Plaintiff and the Sub-Class have an interest in ensuring that their "personal information" as defined by Cal. Civil Code section 1798.81.5 is reasonably protected in the future.

45.    On April 14, 2026, Plaintiff's counsel sent a CCPA notice letter to Defendant's registered service agent, and if within the 30 days of delivery of such CCPA notice letter, Defendant does not actually cure the noticed violation and provide Plaintiff with an express written statement that the violations have been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under these facts and circumstances), Plaintiff and the Sub-Class shall seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident pursuant to Cal. Civil Code section 1798.150(b) from Defendant.

/ / /

/ / /

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 27 -

Class Action Complaint

**SECOND CLAIM FOR RELIEF**
**Breach of California Security Notification Laws**
**Cal. Civil Code § 1798.82**
**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

46.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

47.     Pursuant to Cal. Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable."

48.     Cal. Civil Code section 1798.82 further provides, "(h) For purposes of this section, 'personal information' means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted: (1) Social security number."

49.     Defendant conducts business in California and owns or licenses computerized data which includes the personal information, within the meaning of Cal. Civil Code section 1798.82(h), of Plaintiff and the Sub-Class.

50.     MERCER ADVISORS caused notice letters, entitled "Notice of Data Breach," dated March 31, 2026, signed by "Mercer Advisors," to be submitted to the Attorney General of the State of California on March 31, 2026,

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 28 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

stating, in relevant part, that "Mercer Advisors experienced a cybersecurity incident on or around January 22, 2026, involving unauthorized access to certain systems used to store client data."

51. Thus, Plaintiff and the Sub-Class have been injured because Defendant did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person in the most expedient time possible and without reasonable delay in violation of Cal. Civil Code section 1798.82(a). Specifically, Defendant waited more than 68 days after its discovery of the Data Breach on January 22, 2026 before *beginning* to mail its notice letters on March 31, 2026 (an exemplar of which it submitted to the Attorney General of the State of California on March 31, 2026) to Plaintiff and the Sub-Class informing them that their nonencrypted and nonredacted personal information was, or was reasonably believed to have been, acquired by an unauthorized person as a result of this Data Breach, an exemplar of which is attached as **Exhibit A**. Defendant's delay of more than 30 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice in violation of Cal. Civil Code section 1798.82(a).[7] Additionally, Defendant's mailing of "Notice of Data breach" letters is presumptively unreasonable notice in violation of Cal. Civil Code section 1798.82(a) because Defendant's "Notice of Data breach" letter failed to provide the "contact information of the reporting person or business subject to this section," in violation of Cal. Civil Code section 1798.82(d)(2)(A), and failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of Cal. Civil Code section 1798.82(d)(2)(D).

---

[7] Defendant's delay of more than 30 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice under Cal. Civil Code section 1798.82(a)(2) ("the disclosure required by this subdivision shall be made within 30 calendar days of discovery or notification of the data breach"), as amended in 2026.

Class Action Complaint

Defendant's delays of more than 30 days providing all of the information required by Cal. Civil Code section 1798.82(d) and within 30 calendar days of discovery or notification of the Data Breach as required by Cal. Civil Code section 1798.82(a), have prevented Plaintiff and the Sub-Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use and/or identify theft.

52.    Plaintiff and the Sub-Class seek recovery of their damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e) from Defendant.

### THIRD CLAIM FOR RELIEF
**Invasion of Privacy**
**(Constitutional and Common Law Invasion of Privacy)**
**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

53.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

54.    Under California law, a plaintiff may bring an invasion of privacy claim based on violations of the privacy rights set forth in the California Constitution and/or under common law.

55.    Article I, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possession, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const., Art. I., § 1.

56.    By virtue of California common law, Plaintiff and the Sub-Class members had a legitimate expectation of privacy in their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), and were entitled to the protection of this information from access, disclosure, or

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 30 -

Class Action Complaint

release to unauthorized individuals.

57.    Plaintiff and the Sub-Class members disclosed or permitted the disclosure of their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), to Defendant as a result of Plaintiff's and the Sub-Class members' customer relationships with MERCER ADVISORS' customers, in which MERCER ADVISORS acted as an agent, business associate, contractor and/or vendor of Plaintiff's and the Sub-Class members' customers, with the expectation that it would be protected from access, disclosure, or release to unauthorized individuals.

58.    Defendant owed a duty to Plaintiff and the Sub-Class members to keep their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), confidential and protected from access, disclosure, or release to unauthorized individuals.

59.    Defendant failed to protect from release to unauthorized third parties Plaintiff's and the Sub-Class members' non-redacted and non-encrypted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), and failed to adequately supervise and oversee or provided negligent oversight over its employees.

60.    Defendant allowed unauthorized and unknown third parties to access and obtain or steal Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 31 -

Class Action Complaint

last names, and government ID numbers (including Social Security numbers), by way of Defendant's affirmative actions and negligent failures to protect this information through its actions and the negligent oversight of its employees.

61.    The unauthorized release to, custody of, and examination by unauthorized third parties of Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), is highly offensive to a reasonable person.

62.    The intrusion at issue was into a place or thing, which was private and is entitled to be private. Plaintiff and the Sub-Class members disclosed or permitted the disclosure of their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), to Defendant as a result of Plaintiff's and the Sub-Class members' customer relationships with MERCER ADVISORS' customers, in which MERCER ADVISORS acted as an agent, business associate, contractor and/or vendor of Plaintiff's and the Sub-Class members' customers, but privately and with the intention that their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), would be kept confidential and would be protected from unauthorized disclosure. Plaintiff and the Sub-Class members were reasonable in their belief that their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), would be kept

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

private and would not be disclosed without their authorization.

63. The access and theft of Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was highly offensive and constituted an egregious breach of social norms. The information compromised was among the most private and sensitive personal information that can be collected about a person.

64. Plaintiff and the Sub-Class members are now aware that their most sensitive, private information may end up on the dark web where any number of malicious actors could use it for illicit purposes such as identity theft and financial fraud as a result of the Data Breach caused by Defendant's actions. Knowing their most sensitive, private information will be publicly exposed is the source of great distress and anxiety. This is exacerbated by the knowledge that their private information was compromised with the intent that it be used to perpetrate identity theft and financial fraud against Plaintiff and the Sub-Class members. This stress and anxiety will continue for the next several years as the risk they will be the victims of identity theft and financial fraud persists, forcing Plaintiffs and Sub-Class members to continue closely monitoring their credit cards, bank accounts, credit reports and statements for any evidence of fraud.

65. The ongoing risk to Plaintiff and the Sub-Class members is substantial. Their "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), once exfiltrated, remains vulnerable to misuse, resale, or public disclosure. Moreover, Defendant has not asserted and there is no assurance that Plaintiff's and the Sub-Class members' stolen information has been securely destroyed or removed from unauthorized

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

possession. As a result, Plaintiff and the Sub-Class members must remain vigilant against identity theft and financial fraud, all of which may occur years after the initial breach.

66.    The attack that resulted from the actions of Defendant constitutes a negligent, reckless, willful and/or intentional interference with Plaintiff's and the Sub-Class members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns and those of their families, of a kind that would be highly offensive to a reasonable person.

67.    Defendant acted with a knowing or negligent state of mind when they permitted the attack described herein to occur, because they either knew or reasonably should have known that their information security practices were inadequate and insufficient to protect against such attacks and were not in compliance with IT industry and cybersecurity standards and best practices or because they failed to adequately supervise and oversee or provided negligent oversight over their employees.

68.    Defendant either knew or reasonably should have known that its inadequate and insufficient information security practices would cause injury and harm to Plaintiff and the Sub-Class members.

69.    The probability that Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was accessed and obtained or stolen with the intent to exploit this information for financial gain, amplifies the level of offensiveness of this intrusion on the privacy interests of Plaintiff and the Sub-Class members.

70.    As a proximate result of the above acts and omissions of Defendant, Plaintiff's and the Sub-Class members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), was accessed and obtained, acquired or disclosed to third parties without authorization, causing Plaintiff and the Sub-Class members to suffer injuries and damages. Plaintiff seeks all recoverable damages as may be permitted by law both for herself and all Sub-Class members.

71. Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause irreparable injury to Plaintiff and the Sub-Class members, entitling them to seek injunctive relief.

72. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, for a large class of persons and the general public. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff also seeks the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code Civ. Proc. § 1021.5 and other applicable law.

## FOURTH CLAIM FOR RELIEF
**Unlawful, Unfair and Fraudulent Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*.**
**(On Behalf of Plaintiff and the Sub-Class Against Defendant)**

73. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

74. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendant as alleged herein constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

/ / /

- 35 -

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

75. By the aforementioned business acts or practices, Defendant has engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Cal. Cal. Civil Code sections 1798.82, 1798.100, and 1798.150 and Cal. Const., Art. I., § 1. Plaintiff reserves the right to allege other violations of law committed by Defendant which constitute unlawful acts or practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

76. By the aforementioned business acts or practices, Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's failure to maintain adequate information security policies, procedures and practices, including but not limited to, failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, failing to put into place reasonable or adequate computer systems and security practices to safeguard personal information including access restrictions and encryption, failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the personal information of Plaintiff and the Sub-Class in their possession, and failing to protect and preserve confidentiality of personal information of Plaintiff and the Sub-Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Plaintiff and the Sub-Class.

77. By the aforementioned business acts or practices, Defendant has also engaged in "fraudulent" business acts or practices by making statements of its information security policies, procedures, and practices that were false and/or misleading and/or contained omissions of material fact, as set forth more fully above.

/ / /

- 36 -

Class Action Complaint

78. Plaintiff and the Sub-Class have suffered an injury in fact by acquiring less in their transactions with Defendant than they otherwise would have if Defendant would had adequately protected the confidentiality of their personal information.

79. The aforementioned unlawful, unfair and fraudulent business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Sub-Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Sub-Class in their possession.

80. Because of Defendant's aforementioned conduct, Plaintiff and the Sub-Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendant is likely to continue to injure Plaintiff and the Sub-Class.

81. Pursuant to Business & Professions Code section 17203, Plaintiff and the Sub-Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to correct its illegal conduct that is necessary and proper to prevent Defendant from repeating its illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Sub-Class in Defendant's possession that has already been subject to unauthorized access and acquisition or exfiltration, by least one unauthorized third party as a result of Defendant's aforementioned conduct. Pursuant to Business & Professions Code section 17203, Plaintiff and the Sub-Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to publicly issue comprehensive corrective notices and to correct or enact adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Sub-

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 37 -

Class Action Complaint

Class in its possession.

82.    Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Sub-Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code of Civil Procedure section 1021.5 and other applicable law.

## FIFTH CLAIM FOR RELIEF
### Negligence
**(On Behalf of Plaintiff and the Class Against Defendant)**

83.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

84.    Defendant collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Defendant collects and stores personal information for its own monetary gain.

85.    Defendant, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure.

86.    Defendant, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose.

87.    Defendant breached its duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, destruction, use, modification, or disclosure in numerous ways,

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 38 -

including but not limited to, by failing to take adequate and reasonable measures to ensure MERCER ADVISORS' computer systems used to store client data were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), by retaining and storing Plaintiff's and the Class' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including their first names or first initials and last names, and government ID numbers (including Social Security numbers), on MERCER ADVISORS' computer systems used to store client data for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees in regards to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by law, and according to Defendant's written representations its Privacy Notice and on its website.

88.    Defendant knew, or should have known, that its computer systems used to store client data and data security practices were inadequate to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, acquisition, use, or disclosure saved in a nonencrypted and a nonredacted format on MERCER ADVISORS' computer systems used to store client data, on or around January 22, 2026, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not.

- 39 -

Class Action Complaint

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

89. As a result of Defendant's failure to implement reasonable security procedures and practices, the personal information of Plaintiff and the Class saved in a nonencrypted and a nonredacted format on MERCER ADVISORS' computer systems used to store client data, on or around January 22, 2026, was subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure.

90. Plaintiff's and Class' personal information would not have been subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure but for Defendant's wrongful and negligent breach of its duties to implement reasonable security procedures and practices.

91. Defendant's failure to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, acquisition, use, or disclosure, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure by at least one unauthorized third party.

92. Defendant's aforementioned violations of the above described statutes create as presumption of negligence as each was enacted to protect a class of persons of which Plaintiff is a member against the type of harm that Plaintiff and the Class suffered as a result of Defendant's aforementioned violations of the above described statutes.

93. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class have and will suffer damages as alleged herein, in amounts according to proof at trial.

94. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and the proposed Class and Sub-Class the following relief against Defendant:

### As for the First Claim for Relief

1.    For injunctive or declaratory relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B);

### As for the Second Claim for Relief

2.    For damages according to proof to Plaintiff individually and to each member of the Sub-Class pursuant to Cal. Civil Code section 1798.84(b);

3.    For injunctive relief pursuant to Cal. Civil Code section 1798.84(e);

### As for the Third Claim for Relief

4.    For damages according to proof to Plaintiff individually and to each member of the Sub-Class;

### As for the Fourth Claim for Relief

5.    For injunctive relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code;

6.    For injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized or illegal access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the Sub-Class, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Sub-Class in its possession;

7.    For injunctive relief in the form of an order enjoining Defendant from disclosing the personal information of Plaintiff and the Sub-Class without the prior written authorization of each Plaintiff and Sub-Class Member;

Class Action Complaint

**As for the Fifth Claim for Relief**

8.    For damages according to proof to Plaintiff individually and to each member of the Class;

**As to All Causes of Action**

9.    That the Court issue an Order certifying this action be certified as a class action on behalf of the proposed Class and Sub-Class, appointing Plaintiff as representative of the proposed Class and Sub-Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class and Sub-Class;

10.    For an award of attorneys' fees as authorized by statute, including, but not limited to, the provisions of Cal. Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

11.    For costs of the suit;

12.    For prejudgment interest at the legal rate; and

13.    Any such further relief as this Court deems necessary, just, and proper.

Dated: April 15, 2026

KEEGAN & BAKER, LLP

By:  s/ *Patrick N. Keegan*
        Patrick N. Keegan

Attorneys for Plaintiff JANE DOE, on behalf of herself and all others similarly situated

- 42 -

Class Action Complaint

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and the Class and Sub-Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: April 15, 2026

KEEGAN & BAKER, LLP

By:  s/ *Patrick N. Keegan*
          Patrick N. Keegan

Attorneys for Plaintiff JANE DOE, on behalf of herself and all others similarly situated

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
San Diego, CA 92008

- 43 -

Class Action Complaint